IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRIUS LAWANA ABRO, ) | |
| #172 755, ) | |
|     Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO.: 2:12-CV-583-WHA |
| ) | [WO] |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on July 5, 2012.  Before the court is Plaintiff's Motion for Injunction.  In filing such motion, the court understands Plaintiff to request that Defendants be enjoined from subjecting her to harassment and/or retaliation. The court considers Plaintiff's motion as a request for preliminary injunctive relief pursuant to Rule 65, *Federal Rules of Civil Procedure*.   For the following reasons, the court recommends that Plaintiff's motion for preliminary injunctive relief be denied.

**I.  DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002).  A party moving for injunctive relief must show the following: (1) a substantial likelihood of success

on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to the movant outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir.1998) (citing *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir.1989)). *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp,* 147 F.3d at 1306 (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The court finds from a review of the pending request for injunctive relief that if Plaintiff's motion were to be granted, the resulting injunction would amount to a broad instruction to Defendants to obey the law. Rule 65(d), Fed.R.Civ.P., requires requests for

injunctions to be specific; an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade,* 178 F.3d 1175, 1201 (11th Cir. 1999). Because Plaintiff's requested injunction does not conform to the specificity requirement of Rule 65(d), Fed.R.Civ.P., it is unenforceable and is due to be denied.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for injunction, considered a motion for preliminary injunction (*Doc. No. 3*), be DENIED; and

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **July 26, 2012** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in

the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 12th day of July 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE